```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         FORT WAYNE DIVISION
```

RAUL B. NUNEZ,                )
                              )
Plaintiff,                    )
                              )
v.                            )    CAUSE NO. 1:08-CV-011
                              )
KEVIN L. GERBER, *et al.*,    )
                              )
Defendants.                   )

## OPINION AND ORDER

This matter is before the Court on the complaint filed by Raul Nunez, a *pro se* prisoner, under 42 U.S.C. § 1983 alleging he was arrested without probable cause in violation of his constitutional rights. For the reasons set forth below, the Court **DISMISSES** the complaint pursuant to 28 U.S.C. § 1915A.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts

apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007).

*Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (parallel citations omitted).

> While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a

2

> right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out *in detail* the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Nevertheless,

> A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* FED. RULE CIV. PROC. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. at 1965, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Implying he was arrested for public intoxication because of his ethnicity, Mr. Nunez asserts his arrest violated his rights to

equal protection under the Fourteenth Amendment "because national origin discrimination, color, race, racial discrimination." (DE #1, p. 3.) Additionally, he alleges the officers lacked probable cause to arrest him and, further, did not advise him of his rights against self-incrimination, in violation of his Fourth and Fifth Amendment rights, respectively.

The circumstances leading to Mr. Nunez's arrest show officers from the Decatur County Police Department responded to a 911 call at a bar on June 3, 2007. When they arrived, Mr. Nunez was in the crowd of people milling around the woman for whom the emergency call was made. Despite being warned more than once to stop and return to the bar, Mr. Nunez persisted in calling to the stricken woman. One of the defendants, Officer Kevin Gerber, assisted by a second defendant officer, pulled Mr. Nunez from the doorway of the bar and arrested him. Mr. Nunez does not allege this contact caused him any physical injury. In his "Probable Cause Affidavit for Public Intoxication" (DE #1, p. 7), Officer Gerber reported the smell of alcohol was "very noticeable" on Mr. Nunez's breath; he was also "unsteady" on his feet and held a bottle of beer. Mr. Nunez seeks compensatory and punitive money damages. In addition, however, he asks the Court to "dismiss this case." (DE #1, p. 3).

In *Booker v. Ward*, 94 F.3d 1052, 1057-58 (7th Cir. 1996) (citations, emphasis, and quotation marks omitted), the Seventh Circuit explained:

4

> To succeed on his unlawful arrest claim . . . [the plaintiff] must prove that they arrested him without probable cause. A law enforcement officer has probable cause to arrest when the facts and circumstances within his knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed or was committing an offense. We evaluate probable cause not on the facts as an omniscient observer would perceive them but on the facts as they would have appeared to a reasonable person in the position of the arresting officer-seeing what he saw, hearing what he heard.

In Indiana it is a misdemeanor for a person to be in a "public place or a place of public resort in a state of intoxication caused by the person's use of alcohol or a controlled substance." Indiana Code 7.1-5-1-3. The term public place is "a place that is visited by many persons, and usually accessible to the neighboring public." *Christian v. State*, 2008 WL 5103233, *1 (Ind. App. Dec. 5, 2008). Mr. Nunez does not allege, nor is it reasonable to infer, that he was in a private club rather than a public drinking establishment.

The officer's interactions with Mr. Nunez over a span of time provided the opportunity to observe and determine he was intoxicated. That the officer perceived obvious signs of intoxication, including the smell of alcohol and unsteadiness, established probable cause to arrest Mr. Nunez. *See Wright v. State*, 772 N.E.2d 449 (2002) (special deputies, having observed obvious signs of intoxication, had probable cause to arrest

5

defendant for public intoxication). On the basis of his observations, the officer had probable cause to arrest Mr. Nunez for public intoxication. The Court will dismiss Mr. Nunez's claim that he was arrested without probable cause.

In addition, Mr. Nunez alleges that the officer did not provide Miranda advice when arresting him. "[T]he Fifth Amendment . . . forbids . . . comment by the prosecution on the accused's silence . . . ." *Griffin v. California*, 380 U.S. 609, 615 (1965) (citations and quotation marks omitted). As noted in *Hensley v. Carey*, 818 F.2d 646, 650 (7th Cir. 1987):

> The Constitution and laws of the United States do not guarantee [plaintiff] the right to *Miranda* warnings. They only guarantee him the right to be free from self-incrimination. The *Miranda* decision does not even suggest that police officers who fail to advise an arrested person of his rights are subject to civil liability; it requires, at most, only that any confession made in the absence of such advice of rights be excluded from evidence. No rational argument can be made in support of the notion that the failure to give *Miranda* warnings subjects a police officer to liability under the Civil Rights Act [§ 1983].

Consequently, this claim will be dismissed.

The officer identified Mr. Nunez as "Hispanic" in the affidavit for probable cause. Alleging that the defendant officers were "non-hispanic," Mr. Nunez asserts that his Fourteenth Amendment rights to equal protection "because national origin discrimination, color, race, racial discrimination" were violated. The Fourteenth Amendment's guarantee of equal protection is a right

to be free from invidious discrimination in statutory classifications or other governmental activity. *See Shango v. Jurich*, 681 F.2d 1091, 1103 (7th Cir. 1982). Mr. Nunez does not contend the officers' actions were racially motivated or that similarly-situated "non-hispanic" patrons were treated differently. The mere fact the officer gathered identifying information and may have been non-Hispanic, is not enough to support an inference that his actions were discriminatory. Mr. Nunez's assertion that they were discriminatory is mere speculation and does not state a claim under the equal protection clause.

In addition to a monetary award, Mr. Nunez seeks dismissal of the state case[1]. Because success on the above claims would be inconsistent with his conviction, *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) bars Mr. Nunez from proceeding with them. *Heck* was intended to guard against the possibility of a parallel proceeding. *See also Preiser v. Rodriguez*, 411 U.S. 475 (1973). If at some time in the future, Mr. Nunez's conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," *Heck*, 512 U.S. at 486-87, then he may file a new lawsuit.

---

[1] When Mr. Nunez filed the complaint it appeared the charges were still pending in the Adams County Circuit Court cause #01001-0706-CM-0167.

CONCLUSION

For the reasons set forth above, the Court **DISMISSES** the complaint pursuant to 28 U.S.C. § 1915A.

**DATED:  December 11, 2008**                    /s/RUDY LOZANO, Judge
                                         **United States District Court**